IN FEDERAL DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| RABEYA SULTANA an individual,<br><br>          Plaintiff,<br><br>        v.<br><br>MD SAFAYET HOSSAIN an<br>individual,<br><br>          Defendant. | No.  3:21-cv-1219<br><br>**COMPLAINT** |

COMES NOW Plaintiff RABEYA SULTANA by and through counsel and alleges the following.

## I. INTRODUCTION

1.      This is a lawsuit to recover damages under the United States and Immigration Services ("USCIS") Form I-864, Affidavit of Support ("Affidavit of Support").

2.      The Affidavit of Support was created by the United States Congress in 1996 to ensure that family-sponsored immigrants are ensured a basic level of financial wellbeing, sufficient to meet the most basic needs of life.

3.      In mandating the Affidavit of Support, Congress required visa petitioners, rather than the American people, serve as a financial safety net to new immigrants.

4.      The Affidavit of Support is a legally binding contract between the sponsor and the United States government, of which the intending immigrant is a third-party beneficiary.

5.      Plaintiff Rabeya Sultana is the beneficiary of an Affidavit of Support signed by Md Safayet Hossain, her former U.S. citizen husband.

6.      Mr. Hossain has failed to provide Ms. Sultana with the basic level of financial support promised in the Affidavit of Support. This lawsuit seeks to compel Mr. Hossain to fulfill the support duty mandated by the Affidavit of Support and associated federal law.

## II. JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the federal Immigration and Nationality Act *See* 8 U.S.C. § 1183a(e)(I).

8.      This Court has personal jurisdiction over Mr. Hossain as, by signing Affidavits of Support, he submitted to the jurisdiction of any court with subject matter jurisdiction over Ms. Sultana's claims. 8 U.S.C. § 1183a(a)(1)(C).

9.      Venue is proper in this District as a substantial part of the events or omissions giving rise to Ms. Sultana's claims occurred in this District, to wit, she has suffered the injury of being without the financial support guaranteed by the Affidavit of Support. 28 U.S.C. § 1391(b)(2).

### III. PARTIES

10.     Plaintiff Rabeya Sultana is a citizen of the People's Republic of Bangladesh and lawful permanent resident ("Resident") of the United States of America.

11.     Ms. Sultana resides in Richardson, Texas.

12.     Upon information and belief, defendant Md Safayet Hossain is a Resident of the United States of America and is Ms. Sultana's former spouse.

13.     As further alleged below, Mr. Hossain served as Plaintiff's immigration sponsor by executing an Affidavit of Support, thereby contractually promising to provide a specified level of income to Ms. Sultana.

14.     Upon information and belief, Mr. Hossain resides in the State of Delaware.

### VI. FACTUAL ALLEGATIONS

**Background concerning the Affidavit of Support.**

15.     United States immigration law has long prohibited immigration by individuals deemed likely to be a drain on public resources.

16.     Since 1882 federal law has excluded the immigration of individuals considered "likely to become a public charge." Act of Aug. 3, 1882, 22 Stat. 214.

17.     The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

18.     The Affidavit of Support is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. *See* 8 U.S.C. § 1182(a)(4)(C).

19.     The only family-based immigrants who are exempt from submitting an Affidavit of Support are those classes listed at 8 C.F.R. § 213a.2(a)(2)(ii), to wit: (A) self-petitioners under the Violence Against Women Act; (B) grandfathered immigrants with petitions pending prior to December 19, 1997; (C) those who have worked and/or may be credited with 40 qualifying quarters of coverage as defined under title II of the Social Security Act; (D) a child admitted under 8 U.S.C. § 1181(a) and 8 C.F.R. § 211.1(b)(1);  and (E) a child who will automatically acquire citizenship under 8 U.S.C. § 1431.

20.     Creation of the Affidavit of Support was mandated by Congress to ensure that certain classes of immigrants to the United States would be guaranteed a level of financial support necessary to meet basic human needs. *Cf.* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009.

21.     The immigration agencies published interim regulations implementing the Affidavit of Support in the summer of 1997, which regulations were finalized in 2006. Affidavits of Support on Behalf of Immigrants, 62 Fed. Reg. 54346 (Oct. 20, 1997) (to be codified at 8 C.F.R. § 213.a1 *et seq.*) (hereinafter Preliminary

Rules); Affidavits of Support on Behalf of Immigrants, 71 Fed. Reg. 35732 (June 21, 2006).

22.     The Affidavit of Support has been mandatory in marriage-based immigrant visa cases at all times material to the case at bar.

23.     The Affidavit of Support is a legally binding contract between the sponsor and the United States Government. 8 U.S.C. § 1182(a)(1)(B).

24.     By signing the Affidavit of Support, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size. 8 U.S.C. § 1182(a)(1)(A).

25.     The Federal Poverty Guidelines ("poverty line") are published annually in the Federal Register.

26.     In any given year for which a sponsored immigrant is entitled to support under the Affidavit of Support, she is entitled to support based on the poverty line in effect for that year according to the individual's U.S. state of residency.

27.     The Affidavit of Support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. 8 U.S.C. § 1182(a)(1)(B); 8 C.F.R. § 213a.2(d).

28.     Per 8 C.F.R. § 213a.4(a)(2) a sponsored immigrant is not required to make any demand for payment from a sponsor prior to commencing a lawsuit to enforce the sponsorship obligation under the Affidavit of Support.

29.     By signing the Affidavit of Support, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Affidavit of Support. 8 U.S.C. § 1183a(a)(1)(C).

30.     By signing the Affidavit of Support, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Affidavit of Support and agrees freely and without any mental reservation or purpose of evasion to accept ach of those obligations in order to make it possible for the immigrant(s) listed in the Affidavit of Support to become lawful permanent residents of the United States.

31.     The Affidavit of Support sponsor also agrees to notify the Government of any change in the sponsor's address within 30 days of the change by filing a Form I-865. *See* 8 U.S.C. § 1183a(d).

32.     A sponsor's duties under the Affidavit of Support commence when the beneficiary becomes a Resident based on an application that included the Affidavit of Support. 8 C.F.R. § 213a.2(e)(1).

33.     An Affidavit of Support sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract.

34.     The sponsor's obligation under the Affidavit of Support conclude once the beneficiary becomes a U.S. citizen (the "First Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(A).

35.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event"). 8 U.S.C. § 1183a(a)(3)(A); 8 C.F.R. § 213a.2(e)(2)(i)(B).

36.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is no longer a permanent resident and has departed the U.S. (the "Third Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(C).

37.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Forth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(D).

38.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary dies (the "Fifth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(E).

39.     In order to serve as an Affidavit of Support sponsor, an individual must demonstrate income at our above 125% of the Federal Poverty Guidelines (FPG) for the individual's household size. 8 U.S.C. § 1183a(f)(1)(E).

40.     If the income of the visa petitioner is below 125% of the FPG, the individual may demonstrate that he or she owns assets equal to at least five times the income shortfall (or three times in the case of marriage-based case). Such assets must be convertible to U.S. cash within 12 months. 8 U.S.C. § 1183a(f)(6)(A)(ii).

41.     An Affidavit of Support is considered executed once it is signed and submitted to either USCIS or the Department of State in support of an intending immigrant's application. 8 C.F.R. § 213a.2(a)(B)(ii).

42.     Once executed, the Affidavit of Support becomes a binding contract between the sponsor and the United States government for the benefit of the sponsored immigrant. 8 C.F.R. § 213a.2(d).

43.     For purposes of calculating damages under the Affidavit of Support, "income" refers to monies that are subject to federal income taxation. 8 C.F.R. § 213a.1.

**Plaintiff's immigration to the United States.**

44.     Ms. Sultana and Mr. Hossain married in Bangladesh in September 2014.

45.     Ms. Sultana thereafter gave birth to the couple's son, R.S.

46.     R.H. was diagnosed with autism and learning disorders in March 2019.

47.     Since his birth, Ms. Sultana's has served as R.H.'s primary care provider.

48.     Ms. Sultana and Son later entered the United States.

49.     Upon information and belief, after his marriage to Ms. Sultana, Mr. Hossain filed a USCIS Form I-130, Petition for Alien Relative ("Visa Petitions") for Ms. Sultana and R.H.

50.     By filing the Visa Petitions, Mr. Hossain had initiated the process of securing Resident status for Ms. Sultana and R.H.

51.    Upon information and belief, USCIS subsequently approved Mr. Hossains's Visa Petition.

52.    Immigrant visa applications were thereafter filed with the U.S. Department of State for Ms. Sultana and R.H.

53.    Ms. Sultana's visa applications were based on Mr. Hossain's Visa Petition because but for Mr. Hossain's Visa Petition, Ms. Sultana would not have qualified to file applications based on the class of admission listed therein, to wit, the spouse and derivative child of a U.S. Resident.

54.    Ms. Sultana did not qualify for any of the grounds at 8 C.F.R. § 213a.2(a)(2)(ii) that would have exempted her from the requirement to file an Affidavit of Support.

55.    Upon information and belief, Ms. Hossain signed an Affidavit of Support, listing Ms. Sultana as the intending immigrant beneficiary (the "Affidavit of Support").

56.    Upon information and belief, Mr. Hossain caused the Affidavit of Support to be filed with the Department of State in support of Ms. Sultana's visa application.

57.    Upon information and belief, in support of the Affidavit of Support, Mr. Hossain filed proof of his income in the form of documentation of his federal income tax filings with the Internal Revenue Service.

58.    The Department of State approved Ms. Sultana's visa application.

59.    Ms. Sultana became a Resident on February 20, 2017.

60.     Ms. Sultana's immigration status was designated as category FX1, corresponding to the spouse of a U.S. Resident.

61.     Ms. Sultana has maintained Resident status since that time.

**Ms. Hossain's breach of contract.**

62.     Mr. Hossain's duties under the Affidavit of Support when Ms. Sultana became a Resident on February 20, 2017.

63.     Ms. Sultana's Resident status was based on an application that included the Affidavit of Support signed by Mr. Hossain.

64.     The Affidavit of Support was "executed" and is therefore an enforceable contract. 8 C.F.R. § 213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

65.     In February 2018, Ms. Sultana ceased residing with Mr. Hossain.

66.     Since her separation from Mr. Hossain, Ms. Sultana has earned no income.

67.     Since her separation from Mr. Hossain, he has provided Ms. Sultana with no financial support of.

68.     Starting in November 2019, Mr. Hossain made monthly payments of child support to Son in the varying amounts of $400 (May 2020, and November 2020 through May 2021), $500 (November 2019, April 2020, and June through October 2020), $700 (January through March 2020) and $900 (December 2019).

69.     Those payments were made exclusively for the benefit of Son and do not fulfill, fully or in part, Mr. Hossain's obligations to Ms. Sultana under the Affidavit of Support.

70.    Ms. Sultana has suffered direct damages for Mr. Hossain's breach of contract equal to 125% of the Poverty Line, as in effect for a household of one, from February 2018 through the present.

**Facts concerning Terminating Events.**

71.    No event has occurred that would constitute a Terminating Event under the Affidavits of Support.

72.    First Terminating Event has not occurred because Ms. Sultana has not become a U.S. citizen.

73.    The Second Terminating Event has not occurred because Ms. Sultana has neither worked nor can receive credit for 40 quarters of work under the Social Security Act.

74.    The Third Terminating Event has not occurred because Ms. Sultana has not both lost status as a permanent resident and departed from the U.S.

75.    The Forth Terminating Event has not occurred because Ms. Sultana is not both subject to an order of removal and has also applied for and obtained in removal proceedings a new grant of adjustment of status based on a new affidavit of support (if required).

76.    The Fifth Terminating Event has not occurred because Ms. Sultana is alive.

77.    Mr. Hossain's duties under the Affidavits of Support remain in effect.

# V. CLAIMS FOR RELIEF

**1 – Breach of contract.**

78.     By executing the Affidavit of Support, Md Safayet Hossain entered into an express written contract with the United States Government.

79.     Ms. Sultana is a third-party beneficiary of the Affidavit of Support.

80.     Ms. Sultana has standing as third-party to enforce her rights under the Affidavit of Support.

81.     Under the express terms of the Affidavit of Support, Mr. Hossain agreed to provide Ms. Sultana with any support necessary to maintain her at an income that is at least 125 percent of the Poverty Line for her household size.

82.     Mr. Hossain's responsibility to provide income support commenced in February 2017 when Ms. Sultana became a lawful permanent resident of the United States.

83.     All conditions precedent to Mr. Hossain's duty to perform on the Affidavit of Support were fulfilled as of February 2017.

84.     Mr. Hossain has breached the Affidavit of Support by failing to provide income support to Ms. Sultana.

85.     Since becoming a Resident, Ms. Sultana has earned no income.

86.     Since Ms. Sultana became a Resident, Mr. Hossain has made no financial payments to Ms. Sultana pursuant to his obligation under the Affidavit of Support.

87.     For February 2018 through the close of the year, Ms. Sultana has suffered direct damages in the amount of $13,904.

88.     For 2019, Ms. Sultana has suffered direct damages in the amount of $15,612.

89.     For 2020, Ms. Sultana has suffered direct damages in the amount of $15,950.

90.     For 2021, Ms. Sultana has suffered direct damages in the amount of $8,052 up to the month of June.

## VI. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A.     Entry of judgment against Mr. Hossain and in favor of Ms. Sultana on each and every cause of action asserted herein;

B.     An award of direct damages in the amount of $53,518.

C.     An award of additional direct damages in an amount equivalent to 125% of the Poverty Like for a household size of one for the period from July 1, 2021, to the date on which judgment issues;

D.     A declaration that Ms. Sultana is entitled to continued receipt of financial support from Defendants in the amount of 125% the Poverty Line for her household size, less actual income, until the occurrence of one of the Terminating Events.

E.      An order of specific performance, requiring Mr. Hossain to make monthly

payments to Ms. Sultana for the amount set forth in Paragraph D above, until

such time as a Terminating Event occurs.

F.      An award of all Plaintiff's attorney fees.

G.      An award of all Plaintiff's costs.

H.      The right to amend this complaint to conform to the evidence presented at

trial.

I.      Such other and further relief in Plaintiff's favor as the Court may deem

just and equitable under the circumstances.

DATED: May 26, 2021,

/s/Greg McLawsen
Greg McLawsen

Sound Immigration
113 Cherry St. ECM# 45921
Seattle, WA 98104-2205
greg@soundimmigration.com
(855) 809-5115
*Attorney for Plaintiff Rabeya Sultana*