IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RABEYA SULTANA,<br>　　PLAINTIFF, | §<br>§<br>§ | |
| V. | §<br>§ | CASE NO. 3:21-CV-1219-BK |
| MD SAFAYET HOSSAIN,<br>　　DEFENDANT. | §<br>§<br>§ | |

**MEMORANDUM OPINION**

Pursuant to the parties' consent to proceed before the undersigned magistrate judge, this matter is before the Court on Rabeya Sultana's ("Plaintiff") *Motion for a Preliminary Injunction*. Doc. 19. Plaintiff seeks an order compelling her former husband, MD Safayet Hossain ("Defendant"), to provide financial support to her during the pendency of this litigation as required by U.S. Citizenship and Immigration Services Form I-864, Affidavit of Support ("Form I-864"). The Court has reviewed all materials submitted in connection with this motion and the live testimony of the parties at the hearing held December 13, 2021, and, upon consideration, Plaintiff's motion is **GRANTED**.

A. APPLICABLE LAW

The Immigration and Nationality Act prohibits the immigration of persons into this country who are determined likely to become a public charge at any time. 8 U.S.C. § 1182(a)(4)(A). As part of this statutory framework, Congress created Form I-864. By signing the Affidavit of Support that accompanies Form I-864, a U.S. sponsor agrees to provide an intending immigrant with "any support necessary" to maintain the immigrant at an income that is at least 125 percent of the poverty line for the immigrant's household size. 8 U.S.C. § 1183a(a)(1). Federal courts

recognize that the purpose of Form I-864 is to prevent sponsored immigrants from becoming public charges, which is to say, dependent on taxpayers for support. *See, e.g., Liu v. Mund*, 686 F.3d 418, 422 (7th Cir. 2012). To that end, courts have granted preliminary injunctions to compel Affidavit of Support sponsors to comply with their support obligations. *See Jubber v. Jubber*, 1:19-cv-00717-JMC, Dkt. 38 at *4 (D. Md. May 30, 2019) (granting motion for preliminary injunction); *see also Wood-Schultz v. Schultz*, 1:11:cv-00975-WCG, Dkt. 15 at *3-5 (E.D. Wis. Dec. 30, 2011) (granting temporary restraining order to prevent immigrant's eviction pending determination of defendant's obligations under Form I-864).

A party is entitled to a preliminary injunction where the party demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which there is no adequate remedy at law; (3) greater injury will result from denying the relief than from its being granted; and (4) the relief will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The Court addresses factor in turn.

B. ANALYSIS

1. *Likelihood of Success on the Merits*

The Court determines that Plaintiff is substantially likely to succeed on the merits of her case in chief. First, Defendant conceded in his Amended Answer and in his testimony that he executed a Form I-864 for the benefit of Plaintiff and their minor son ("R."). Defendant signed the accompanying Affidavit of Support in support and filed it with U.S. Citizenship and Immigration Services (the "USCIS"). Once Defendant signed and submitted Form I-864 and the Affidavit of Support to the USCIS, the Affidavit of Support became a binding contract. 8 C.F.R. §§ 213a.2(a)(1)(ii), (c)(2)(i)(C)(2).

2

The record further shows that Plaintiff and R. became U.S. residents on the strength of the visa applications that included and relied on the Affidavit of Support. The third and final step requires Plaintiff to show that Defendant has failed to maintain Plaintiff's income at or above 125 percent of the poverty line. Plaintiff has met that burden because, as discussed in detail *infra*, the record shows she is unemployed and has been for all times material to her claim, and she has no other source of income.

Finally, there is no question that Defendant's Affidavit of Support remains in effect. Under 8 C.F.R. § 213a.2(e)(2)(i) and the plain text of the Affidavit, only five "terminating events" end a sponsor's duty under the Affidavit. Here, none of the five terminating events has occurred, to wit, the record reflects that: (1) Plaintiff has not become a U.S. citizen; (2) Plaintiff has not acquired 40 qualifying quarters of work under the Social Security Act; (3) although Plaintiff has departed the U.S. since becoming a resident, she has maintained her legal status as a U.S. resident; (4) Plaintiff has never been in removal proceedings and has never been subject to an order of removal; and (5) both Plaintiff and Defendant are living.

   *2. Irreparable Harm*

Next, the record reflects that Plaintiff is unemployed and her only financial source is $400.00 per month provided by Defendant as "informal" child support. While Plaintiff receives shelter and non-financial support from her brother, that does not qualify as "income" and does not reduce Defendant's obligations under Form I-864. 8 C.F.R. § 213a.1 (defining income). The Federal Poverty Guidelines (the "poverty line") in place for 2021 establish $1,342.00 per month as 125% of the poverty line for a household of one, and $1,815.00 per month for a household of two.[1] The record shows that Plaintiff's income is less than 125% of the poverty line per month.

---

[1] The Court determines that it is appropriate to calculate damages based on a household size of one. Plaintiff has conceded that Defendant is providing $400.00 per month in child support to the

The Court determines that living under 125% of the poverty line constitutes irreparable harm *per se* for purposes of this motion. In addition, the Court finds that Plaintiff is suffering irreparable harm by virtue of having to care for her special needs son given her limited income.

### 3. Balance of Hardships

In proffering Form I-864 to U.S. immigration authorities, Defendant specifically averred that he had the financial resources to serve as an Affidavit of Support sponsor for Plaintiff. Put differently, the present situation would not be possible but for the fact that Defendant showed himself capable of providing the contracted-for financial support. Because the record demonstrates that Plaintiff is unemployed and living well below the poverty line, and Defendant voluntarily undertook the obligations associated with Form I-864, the balance of hardships weighs strongly in favor of Plaintiff. In addition, the Court finds that Defendant's alleged inability to pay is undermined by the fact that he recently purchased a $12,000.00 Rolex watch and chose to upgrade his vehicle from a late model Hyundai to a 2021 Porsche Macan. While Defendant's financial circumstances may have changed since he executed Form I-864, that is a risk he undertook in choosing to become a sponsor.

### 4. Public Policy

Finally, public policy concerns tip strongly in favor of Plaintiff. The Form I-864 is a risk allocation mechanism. Congress elected to take the onus of supporting recent immigrants away from the American taxpayer and place it on the shoulders of visa sponsors. Here, the record is clear that Plaintiff is destitute and in need of financial assistance. Under such circumstances, Congress mandated that a visa sponsor—here, Defendant—step in to provide a minimal amount

---

parties' minor son. The Court agrees that it is practicable to treat Plaintiff, at her request, as a one-person household, and to defer to the family law court on the issue of child support for the minor child.

of financial support to a sponsored immigrant. Because Defendant has not been fulfilling his obligations under Form I-864, public policy militates strongly in favor of compelling him to comply with the obligations he agreed upon in the Affidavit of Support.

### C. BOND AMOUNT

Rule 65(c) of the Federal Rules provides that a movant seeking a preliminary injunction should post "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). Plaintiff's case is predicated on the fact that she is impoverished, and she has shown that she is entitled to injunctive relief from Defendant. The Court thus determines that requiring a bond would undermine Plaintiff's ability to obtain meaningful relief under Form I-864 and the Affidavit of Support.

### D. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for a Preliminary Injunction*, Doc. 19, is **GRANTED**. It is hereby **ORDERED** that:

1. Defendant shall make monthly financial payments to Plaintiff in the amount of 125 percent of the Federal Poverty Guideline for a household of one (currently $1,342.00);

2. Defendant shall transmit such monthly payments by eCheck to the client trust account for Plaintiff's counsel on the first business day of each calendar month via instructions to be provided by Plaintiff's counsel to Defendant within 24 hours of the date of this Order;

3. Defendant shall make the first required payment on or before January 1, 2022, with a like payment being due and payable on or before the first day of each month thereafter; and

4. Defendant's payments shall continue until this civil case is resolved or until the occurrence of one of the five terminating events set forth in the Affidavit of Support, whichever occurs first.

5 . Plaintiff's may submit a motion for reasonable attorney's fees and costs, pursuant to the fee-shifting provision within the Affidavit of Support and 8 U.S.C. § 1183a(c), within 30 days of the date of this Order.

**SO ORDERED** on December 15, 2021, at 4:47 p.m.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE